**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| | ) | |
| LAUREN THOMAS, | ) | |
| | ) | Civil Action No. 2:26-CV-01803-KSH-MAH |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| EQUIFAX INFORMATION SERVICES, | ) | |
| LLC, ET AL., | ) | |
| Defendants. | ) | |
| | ) | |

**ANSWER TO THE AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES**

AND NOW COMES Defendant, IQ Data International, Inc. ("Defendant"), by and through its undersigned counsel and Answers the Amended Complaint as set forth below.

1.      Denied.  Paragraph 1 constitutes a conclusion of law to which no response is required.  To the extent a response is deemed required, the allegations are denied with strict proof thereof demanded at trial.

2.      Denied.  Paragraph 2 constitutes a conclusion of law to which no response is required.  To the extent a response is deemed required, the allegations are denied with strict proof thereof demanded at trial.

3.      Denied.  Paragraph 3 constitutes a conclusion of law to which no response is required.  To the extent a response is deemed required, the allegations are denied with strict proof thereof demanded at trial.

4.      Denied.  Paragraph 4 constitutes a conclusion of law to which no response is required.  To the extent a response is deemed required, the allegations are denied with strict proof thereof demanded at trial.

5.      Denied.   Paragraph 5 constitutes a conclusion of law to which no response is required.  To the extent a response is deemed required, the allegations are denied with strict proof thereof demanded at trial.

6.      Denied.   Paragraph 6 constitutes a conclusion of law to which no response is required.  To the extent a response is deemed required, the allegations are denied with strict proof thereof demanded at trial.

7.      Denied.   Paragraph 7 constitutes a conclusion of law to which no response is required.  To the extent a response is deemed required, the allegations are denied with strict proof thereof demanded at trial.

8.      Denied.   Paragraph 8 constitutes a conclusion of law to which no response is required.  To the extent a response is deemed required, the allegations are denied with strict proof thereof demanded at trial.

9.      Denied.   Paragraph 9 constitutes a conclusion of law to which no response is required.  To the extent a response is deemed required, the allegations are denied with strict proof thereof demanded at trial.

10.     Denied.  Paragraph 10 constitutes a conclusion of law to which no response is required.  To the extent a response is deemed required, the allegations are denied with strict proof thereof demanded at trial.

11.     Denied.  Paragraph 11 constitutes a conclusion of law to which no response is required.  To the extent a response is deemed required, the allegations are denied with strict proof thereof demanded at trial.

12.    Denied.  Paragraph 12 constitutes a conclusion of law to which no response is required.  To the extent a response is deemed required, the allegations are denied with strict proof thereof demanded at trial.

13.    Denied.  Paragraph 13 constitutes a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments and therefore the allegations are denied with strict proof thereof demanded at trial.

14.    Denied.  Paragraph 14 constitutes a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments and therefore the allegations are denied with strict proof thereof demanded at trial.

15.    Denied.  Paragraph 15 constitutes a conclusion of law to which no response is required.  To the extent a response is deemed required, the allegations are denied with strict proof thereof demanded at trial.

16.    Paragraph 16 contains allegations directed to parties other than Defendant.  No response is required.

17.     Paragraph 17 contains allegations directed to parties other than Defendant.  No response is required.

18.    Paragraph 18 contains allegations directed to parties other than Defendant.  No response is required.

19.    Denied.  Paragraph 19 purports to reference a document which speaks for itself and for which the original is the best evidence of its content.  All characterizations, summations, and selective quotations are denied.

20.     Admitted.

21.     Denied.  Paragraph 21 constitutes a conclusion of law to which no response is required.  To the extent a response is deemed required, the allegations are denied with strict proof thereof demanded at trial.

22.     Denied.  Paragraph 22 constitutes a conclusion of law to which no response is required.  To the extent a response is deemed required, the allegations are denied with strict proof thereof demanded at trial.

23.     Denied.  Paragraph 23 purports to reference a document which speaks for itself and for which the original is the best evidence of its content.  All characterizations, summations, and selective quotations are denied.

24.     Admitted.

25.     Denied.  Paragraph 25 constitutes a conclusion of law to which no response is required.  To the extent a response is deemed required, the allegations are denied with strict proof thereof demanded at trial.

26.     Denied.  Paragraph 26 constitutes a conclusion of law to which no response is required.  To the extent a response is deemed required, the allegations are denied with strict proof thereof demanded at trial.

27.     Paragraph 27 contains allegations directed to parties other than Defendant.  No response is required.

28.     Paragraph 28 contains allegations directed to parties other than Defendant.  No response is required.

29.     Paragraph 29 contains allegations directed to parties other than Defendant.  No response is required.

30.    Paragraph 30 contains allegations directed to parties other than Defendant.  No response is required.

31.    Denied.  Paragraph 31 purports to reference a document which speaks for itself and for which the original is the best evidence of its content.  All characterizations, summations, and selective quotations are denied.

32.    Admitted.

33.    Denied.  Paragraph 33 constitutes a conclusion of law to which no response is required.  To the extent a response is deemed required, the allegations are denied with strict proof thereof demanded at trial.

34.    Denied.  Paragraph 34 constitutes a conclusion of law to which no response is required.  To the extent a response is deemed required, the allegations are denied with strict proof thereof demanded at trial.

35.    Denied.  Paragraph 35 constitutes a conclusion of law to which no response is required.  To the extent a response is deemed required, the allegations are denied with strict proof thereof demanded at trial.

36.    Denied.  Paragraph 36 constitutes a conclusion of law to which no response is required.  To the extent a response is deemed required, the allegations are denied with strict proof thereof demanded at trial.

37.    Denied.  Paragraph 37 constitutes a conclusion of law to which no response is required.  To the extent a response is deemed required, the allegations are denied with strict proof thereof demanded at trial.

38.    Denied.  Paragraph 38 constitutes a conclusion of law to which no response is required.  To the extent a response is deemed required, the allegations are denied with strict proof thereof demanded at trial.

39.    Denied.  Paragraph 39 constitutes a conclusion of law to which no response is required.  To the extent a response is deemed required, the allegations are denied with strict proof thereof demanded at trial.

40.    Denied.  Paragraph 40 constitutes a conclusion of law to which no response is required.  To the extent a response is deemed required, the allegations are denied with strict proof thereof demanded at trial.

**First Cause of Action**
**Violations of the FCRA**
**(Furnisher Defendants)**

41.    Paragraph 41 contains allegations directed to parties other than Defendant.  No response is required.

42.    Paragraph 42 contains allegations directed to parties other than Defendant.  No response is required.

43.    Denied.  Paragraph 43 constitutes a conclusion of law to which no response is required.  To the extent a response is deemed required, the allegations are denied with strict proof thereof demanded at trial.

44.    Paragraph 44 contains allegations directed to parties other than Defendant.  No response is required.

**Second Cause of Action**
**Violations of the FCRA**
**(Consumer Reporting Agencies)**

45. – 48.     Paragraphs 45 through 48 contain allegations directed to parties other than Defendant.  No response is required.

WHEREFORE, Defendant, IQ Data International, Inc., denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that IQ Data International, Inc. be awarded its costs and fees incurred in defending this action, along with such other relief as the Court deems equitable and just.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

Defendant denies the allegations set forth against it in the Complaint.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

Defendant denies that its conduct violated the FCRA.

## FOURTH AFFIRMATIVE DEFENSE

Even if Defendant violated the FCRA, which is denied, Plaintiff did not incur actual damages as a result of the alleged conduct of Defendant.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's damages are speculative and are not reasonably foreseeable.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff did not suffer any actual damages, including physical injury, pecuniary injury, dignitary injury, improper denial or loss of credit opportunities, improperly diminished credit score, emotional distress, out-of-pocket harm, or any other injuries justifying a claim for actual damages as a result of the permissible, reasonable, and appropriate conduct of Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged damages or claims are limited or barred by applicable contractual provisions or agreements with original creditor.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and/or remedies are limited pursuant to the provisions of the FCRA and Defendant asserts all defenses available to it under the FCRA.

**TENTH AFFIRMATIVE DEFENSE**

Any violations of law or damage suffered by Plaintiff, which Defendant denies, were due to the affirmative actions and/or omissions of Plaintiff or others and do not give rise to any claim of damages against Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred pursuant to the Doctrines of Laches, Waiver and Estoppel.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred pursuant to the Benefits Doctrine, and Defendant reserves the right to move to dismiss.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred pursuant to settlement, and Defendant reserves the right to move to dismiss.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks multiple recoveries for the same alleged conduct.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to assert the claims contained in the Complaint.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred and/or limited by the doctrines of *res judicata* and collateral estoppel.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of unclean hands.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff failed to take reasonable steps to mitigate damages, if any.

**NINETEENTH AFFIRMATIVE DEFENSE**

Defendant has the right to rely on information provided to it by the creditor.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, result from acts or omissions of other parties or non-parties over whom Defendant has no responsibility or control.

**TWENTY FIRST AFFIRMATIVE DEFENSE**

The Defendant reserves the right to amend this Answer to incorporate additional defenses that may arise pursuant to continuing discovery.

WHEREFORE, Defendant, IQ Data International, Inc., denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that IQ Data International, Inc. be awarded its costs and fees incurred in defending this action, along with such other relief as the Court deems equitable and just.

**WINGET, SPADAFORA & SCHWARTZBERG LLP**

By:    /s/ Joel Wertman
          Joel M. Wertman
          1528 Walnut Street, Suite 1502
          Philadelphia, PA 19102
          Phone: (215) 433-1500
          wertman.j@wsllp.com
          Attorneys for Defendant,
          *IQ Data International, Inc.*

Dated: July 3, 2026

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date set forth below I served the foregoing Answer on all parties through the ECF.

Date:  <u>July 3, 2026</u>                                    <u>/s/ Joel Wertman</u>
                                                              Joel Wertman, Esq.